GLADNEY, Judge.
This appeal is by the employer from a judgment ordering the payment of unemployment compensation benefits to the •claimant, Aaron Kimble. The employee was disqualified to receive such compensation by the Louisiana Board of Review, the •decision of which was reversed by the First Judicial District Court for Caddo Parish
The issues presented herein relate to the finding of sufficient evidence by the Louisiana Board of Review that would sustain the ■disqualification of the employee and be binding on the trial court and this court, and the evaluation of “misconduct” within the meaning of the statute LSA-R.S. 23 :- 1601(2).
The employment of Aaron Kimble was ■terminated by his employer, Wray Ford, Inc., on the ground that the employee was insubordinate toward his supervisor; that he had a disagreeable attitude and constantly argued with those in authority, and that such conduct demonstrated a willful disregard of the employer’s interest. It is the contention of the appellant that the evidence •as reflected by the record is sufficient to justify the disqualification of the employee.
The only witness to testify at the hearing was the claimant and, consequently, the question of whether or not he was guilty of misconduct connected with his •employment is evidenced only by his own testimony. An examination of Kimble’s testimony reveals that claimant did, on one ■occasion, make a statement to his supervisor, Mr. Jeter: “* * * you don’t do much of nothing.” This remark was made ■during a conversation and appears to be a single instance of insubordination, if it may be termed such. The record is wholly void of evidence supporting an attitude of constant disrespect or disagreeableness toward Kimble’s superiors. The question, therefore, is, Does this isolated occurrence justify a conclusion that the employee has been guilty of such misconduct as to bring about his disqualification to receive unemployment compensation? We hold that, predicated on this evidence, the claimant has not been guilty of such misconduct connected with his employment as to forfeit his statutory benefits.
The word “misconduct” has frequently been defined in our jurisprudence, one of the latest expressions being that of our Supreme Court in Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963). The court accordingly approved of the interpretation set forth in 48 American Jurisprudence, verbo Social Security, Unemployment Insurance, etc., Section 38, page 541, to the effect that “Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer’s interest, a deliberate violation of the employer’s rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer’s interest or of the employee’s duties and obligations to the employer.”
Our conclusion is that the remark as made by Kimble does not constitute a willful or wanton act on his part in complete disregard of his employer’s interest and in disregard of the duties and obligations owed by claimant to his employer.
It must be conceded, of course, that this court is without authority to substitute its decision for that of the Board of Review if the decision of such board is predicated upon sufficient evidence to base its decision. A review of all of the evidence presented discloses that the decision of the Louisiana Board of Review was not supported by such evidence to justify the charges of misconduct.
We observe in passing that appellant argues alternatively that this case should be remanded to the Board of Review *417 for the taking- of additional evidence. In support thereof, the employer asserts that it was advised by the local office of the Division of Employment Security that submission of a letter was sufficient and that an appearance by the employer was unnecessary. We find this contention without merit. That appellant was ignorant of or was misled as to his legal rights does not justify a remand herein.
For the foregoing reasons, the judgment of the district court is affirmed, the cost of the appeal to be assessed against appellant, Wray Ford, Inc.
Affirmed.