191 So.2d 349 (1966)
Lonnie HALL, Plaintiff-Appellant,
v.
F. C. DOYAL, Jr., Administrator, et al., Defendants-Appellees.
No. 1803.
Court of Appeal of Louisiana, Third Circuit.
October 20, 1966.
Rehearing Denied November 16, 1966.
*350 C. O. Brown, Alexandria, for plaintiffappellant.
Marion Weimer, Melvin L. Bellar, James A. Piper, Baton Rouge, for defendants appellees.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
This is a suit for judicial review of an administrative denial of unemployment compensation benefits. LSA-R.S. 23:1471-1713. The administrative hearing officer and review tribunal decided that the plaintiff Hall was disqualified from unemployment benefits because he had been discharged *351 for misconduct connected with his employment. LSA-R.S. 23:1601(2).
The trial court dismissed Hall's suit. It held that there was sufficient evidence to support the administrative agency's determination of disqualification. Hall now appeals.
In the absence of fraud, the judicial review of agency findings in unemployment compensation matters is statutorily limited to (a) whether the facts found by the agency are supported by competent evidence produced at the agency hearing and, if so, (b) whether such facts do as a matter of law justify the agency action. LSA-R.S. 23:1634; Gardere v. Brown, La.App. 1 Cir., 170 So.2d 758; Lee v. Brown, La.App. 3 Cir., 148 So.2d 321; Turner v. Brown, La.App. 3 Cir., 134 So.2d 384.
On appeal, the claimant Hall contends (1) that the misconduct for which he was discharged was not of sufficient gravity as to disqualify him from unemployment benefits and (2) that the administrative finding of disqualifying misconduct is not supported factually by sufficient evidence.

I.
The only evidence presented at the administrative hearing was the testimony of the claimant Hall and that of Land, an assistant manager for the claimant's employer.
Land testified that the claimant Hall was discharged because he was caught eating and sleeping on the premises despite repeated prior warnings not to do so by the witness Land and by other superiors. Land also testified that in the last several months of the claimant's employment he had consistently performed poorly or incompletely his night janitorial duties despite requests for improvement to earlier excellent standards of performance.
The claimant Hall admitted that he had been cautioned once not to eat on the premises, but stated that he had thereafter complied with instructions. He denied having been caught sleeping at work or having otherwise disobeyed instructions. The claimant thus relies upon jurisprudence to the effect that misconduct sufficiently serious to disqualify from unemployment compensation benefits must be more than mere inefficiency, Turner v. Brown, La.App. 3 Cir., 134 So.2d 384, or nonrecurrent conduct of a hotheaded or merely negligent nature. Gardere v. Brown, La.App. 1 Cir., 170 So.2d 758; Kimble v. Brown, La.App. 2 Cir., 162 So.2d 415; Williams v. Brown, La.App. 3 Cir., 157 So.2d 237; Beaird-Poulan, Inc. v. Brady, La.App. 3 Cir., 154 So.2d 589; Gatlin v. Brown, La.App. 2 Cir., 154 So.2d 224.
The administrative tribunal, in effect passing upon the credibility of the two opposing witnesses, accepted the testimony by the employer's manager that Hall's misconduct had consisted of repeated and apparently deliberate violations of the employer's instructions.
If this latter testimony is factually correct, then we find no error of law in the administrative finding that plaintiff was discharged because of misconduct sufficient to disqualify him from unemployment benefits. Disqualifying conduct must be, as here, a deliberate or intentional wrongful act which denotes a willful disregard of the employer's reasonable interest, or else wanton negligence or neglectful failure in performance of such degree or recurrence as to be tantamount to such. Horns v. Brown, 243 La. 936, 148 So.2d 607, 609. See also: Grimble v. Brown, 247 La. 376, 171 So.2d 653; Rawls v. Brown, La.App. 2 Cir., 165 So.2d 18; Vandike v. Brown, La.App. 3 Cir., 139 So.2d 803.

II.
The claimant Hall nevertheless contends that the disqualifying misconduct is not sufficiently proved by the testimony of the employer's manager alone when such is *352 denied by the claimant's testimony, especially when the employer failed to call available corroborating witnesses.
In making this contention, the claimant Hall relies upon the burden of the employer to prove disqualification at the administrative hearing, Lee v. Brown, La.App. 3 Cir., 148 So.2d 321, and also upon the court's function in judicial review of the administrative finding to determine whether the administratively found facts are supported by "sufficient evidence", LSA-R.S. 23:1634 (as amended to this specific effect by Act 523 of 1958).
These are certainly strong arguments why the agency fact-trier could have found that the employer had insufficiently proved disqualifying cause. However, the courts have consistently found that the administrative finding of fact is supported by "sufficient" evidenceand thus beyond the scope of revision or rejection upon judicial review, when the administrative finder of fact evaluates as correct the testimony of one witness testifying for one party, despite contradicting testimony by one or more witnesses for the other party. Turner v. Brown, La.App. 3 Cir., 155 So.2d 276; McGinnis v. Moreau, La.App. 3 Cir., 149 So.2d 188; Wilson v. Brown, La.App. 2 Cir., 147 So.2d 27.
The courts have thus interpreted the requirement that the administrative findings be supported by "sufficient" evidence as requiring that the supporting evidence be "competent" testimony, not secondhand or hearsay. Lee v. Brown, La. App. 3 Cir., 148 So.2d 32; Huddleston v. Brown, La.App. 2 Cir., 124 So.2d 225; see also 81 C.J.S. Social Security and Public Welfare, § 221. That is, the usual rules of evidence need not apply to the administrative hearing, see LSA-R.S. 23:1631, and thus hearsay may be there admissible; nevertheless, the findings of the administrative agency must be supported by competent evidence, and incompetent evidence admitted at the hearing will be disregarded by the courts upon their judicial review to determine if the agency's findings are supported by sufficient evidence as required by law. Gardere v. Brown, La.App. 1 Cir., 170 So.2d 758.
In the present instance, therefore, the administrative finding of disqualifying misconduct is supported by sufficient evidence. The employer's assistant manager testified that he himself had several times cautioned the claimant not to sleep on the work-premises and that he himself had discovered the claimant violating the employer's instructions several times.
Upon the administrative fact-trier's evaluation of this testimony as correct and credible, it is competent evidence sufficient to support the administrative determination of disqualifying cause. That this competent testimony was denied by the claimant at the hearing, does not destroy its sufficiency. By accepting the employer's version, the agency fact-finder has rejected the claimant's denial as incorrect or not credible.
On judicial review of the unemployment agency's finding, the court cannot redetermine the sufficiency of proof nor the agency's credibility evaluations nor its reasonable factual inferences, so long as the agency's findings are supported by some competent evidence. See McGinnis v. Moreau, Lee v. Brown, and Wilson v. Brown, previously cited; also, Barber v. Lake Charles Pipe and Supply Co., La.App. 3 Cir., 148 So.2d 326, 329. For the court to do so would be for it to disregard the legislative mandate that, upon judicial review, "* * * the findings of the [administrative] board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. * * *" LSA-R.S. 23:1634.

*353 Decree.

For the foregoing reasons, we affirm the dismissal of the claimant's suit for unemployment compensation benefits.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.