364 So.2d 1365 (1978)
TRUNKLINE GAS COMPANY, Plaintiff-Appellant,
v.
ADMINISTRATOR, DEPARTMENT OF EMPLOYMENT SECURITY of the State of Louisiana, et al., Defendants-Appellees.
No. 6674.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
*1366 Oliver & Wilson, J. Michael Rhymes, Monroe, for plaintiff-appellant.
James A. McGraw, Baton Rouge, for defendant-appellee.
Edith C. McKay, in pro per.
Before CULPEPPER, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiff, Trunkline Gas Company brought this suit against defendants, the Administrator of the Department of Employment Security of the State of Louisiana and Edith C. McKay, asking judicial review of the Board of Review's decision that Ms. McKay is entitled to unemployment compensation benefits. The trial court judgment affirmed the Board of Review of the Department of Employment Security and plaintiff Trunkline has appealed.
At the hearing, claimant McKay testified that she worked for Trunkline Gas Company in Pollock, La., from March, 1974, until October, 1976, or about two and one-half years. She had a maintenance job and earned $6.02 per hour, working from 8:00 a.m. until 4:30 p.m., five days per week, Monday through Friday. She was advised that she would have to change to shift work or quit. Ms. McKay testified that she had not understood that shift work would ever be required of her and she was unable to do it because of her small child. She therefore advised her immediate supervisor, Bob Otis, that she had to quit the job.
The Louisiana Department of Employment Security determined that the claimant quit her job after her working agreement with the employer was changed to require her to do shift work and that her leaving was with good cause connected with her employment. The appeals referee found no *1367 disqualification for benefits under LSA-R.S. 23:1601, and the referee's decision was affirmed by the Board of Review.
Trunkline Gas contends that it received no notice of the hearing. The Houston supervisor of employment of Trunkline Gas Company, Alta R. McCrehan, advised the Department, by letter, that the notice to appear for hearing was received in the Houston office, but, although the notice indicated a carbon copy was sent to the Pollock office, it was not received in Pollock. A second letter from Ms. McCrehan to the Board of Review states as follows:
"At the time that the first hearing on Thursday, February 10, 1977 was cancelled, your Alexandria, Louisiana office notified our Pollock, Louisiana office by phone that the hearing had been reset for February 16, 1977 and that they would receive a `Notice to Appear for Hearing.' This notice was received in this office, but was not received at Pollock. The notice we received showed that a carbon copy was sent to our Pollock location, but unbeknownst to us, it was never received."
Trunkline Gas contended in the trial court and here that it did not receive proper notice of the hearing; and that there was insufficient evidence for the findings of the Board of Review. Trunkline seeks a remand for receipt of further evidence.
The trial court denied remand for additional evidence, as allowed by LSA-R.S. 23:1634, because the direct sworn testimony of Ms. McKay was found to constitute sufficient evidence for the decision of the Board of Review, thereby meeting the test of Hall v. Doyal, 191 So.2d 349 (La.App. 3 Cir. 1966).
The claimant's sworn testimony alone is sufficient evidence to meet the requirements of LSA-R.S. 23:1634. See Hall v. Doyal, supra. Sufficient evidence is analogous to ". . . proof of the demand sufficient to establish a prima facie case." as set forth in LSA-C.C.P. art. 1702. Hearsay evidence does not suffice. See Blackwell v. Daigle, 317 So.2d 18 (La.App. 3 Cir. 1975), writ denied, 320 So.2d 563. Here, however, Ms. McKay's testimony was sworn and is sufficient to constitute sufficient evidence for the decision of the Board of Review.
The notice to appear for hearing indicates that the employer was advised both at its Houston and Pollock offices that a hearing would be held February 16, 1977. There is a rebuttable presumption that the information on the face of such a notice is correct. Houston v. Administrator of Division of Emp. Sec., 191 So.2d 167 (La.App. 3 Cir. 1966). The only evidence presented to rebut this presumption were the letters from Ms. McCrehan. These letters convey only secondhand, hearsay information. No direct evidence was offered to rebut the presumption of notice. Oral notice to the Pollock office was admitted and should have been sufficient to produce further inquiry if the written notice was in fact not received. Review was sought solely on the basis of the two letters from Ms. McCrehan. No other evidence was proffered to the Board of Review. The letters are not competent evidence and show no ground to remand for additional evidence by the Board of Review.
For the foregoing reasons, the judgment of the trial court herein is affirmed at the cost of plaintiff-appellant, Trunkline Gas Company.
AFFIRMED.