ROBERT P. JACKSON, Judge Pro. Tern.
This appeal involves the qualifications of certain former employees of plaintiff, Dun-ham-Price, Inc., to receive unemployment compensation. The claimants are members of Teamsters Local 969. The Louisiana Office of Employment Security determined that the claimants were unemployed as a result of a labor dispute, disqualifying them from receiving unemployment compensation. The appeals referee reversed the decision of the agency and removed the disqualifications by decision mailed May 1, 1984 after an evidentiary hearing held on April 23, 1984. Appellant then appealed to the Board of Review which affirmed the decision of the appeals referee. On further appeal the Fourteenth Judicial District Court, the Honorable John A. Patín, presid *482 ing, affirmed the decision of the Board of Review. Appeal from this ruling was then perfected.
The claimants had worked for the named employer for various amounts of time, some of them for many years. They were all members of Teamsters Local 969. They had a contract with the employer which was scheduled to expire on January 8, 1984. The employees had been earning |11.65 per hour and had many company benefits. The parties agreed to extend the contract so that the negotiations would continue through January 15, 1984. The employer had offered the claimants only $8.00 per hour for the new contract and had suggested taking away many company benefits. The Union agreed that they would settle with the named employer for the same contract that was offered to other employees of ready-mix concrete companies in the area. The employer refused to accept this offer, and it was agreed that a strike would begin on January 16, 1984 at the expiration of the contract. The employer advertised in the newspapers for trained diesel truck drivers. A meeting was held on January 12, 1984 to introduce the new prospective drivers to members of the company and to explain some of the duties to the new employees. The new drivers began training on Saturday, January 14, 1984. When some of the claimants learned of this, it was reported to the Union, and a picket line was placed across the gate on January 14, 1984. The employer continued to train the new employees on Sunday, January 15, 1984, but the claimants did not picket the installation at that time. On January 16, 1984, as apparently planned, the employees placed the picket lines across the entrance gate to the employer’s plant. The new drivers, who had been hired at $6.50 per hour, reported for work and continued to operate the employer’s business. Mr. Cass Gilliland, Vice President and General Manager, announced to television newsmen that the Teamsters had been replaced and would not be rehired. Pickets continued at the employer’s installation until the time of the hearing. If the strike was settled, the claimants would not have jobs. If they offered to return to work, unconditionally, they would be placed on a waiting list to be hired in order of application. There have been no further negotiations between the employer and the Union since January 16, 1984.
Defendant-Appellees contend that they became unemployed due to a “lockout” by Dunham-Price. Plaintiff allegedly locked them out by hiring new drivers on January 14, 1984. They argue that only when the new drivers arrived and commenced training did they emplace their pickets. Plaintiff responds that claimants were replaced only when the strike began Monday, January 16, 1984. The issue then is when were the drivers replaced?
The findings of a Board of Review are conclusive as to the facts, if supported by sufficient evidence, in the absence of fraud. LSA-R.S. 28:1634; Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir. 1979). Judicial review of administrative findings is thus ordinarily limited to determining (1) whether sufficient competent evidence supports the board’s finding of facts and (2) whether, accepting valid administrative determination of fact, the claimant is or is not under these facts legally entitled to unemployment benefits. McGinnis v. Moreau, 149 So.2d 188 (La.App. 3rd Cir. 1963). The courts have
“consistently found that the administrative finding of fact is supported by ‘sufficient’ evidence — and thus beyond the scope of revision or rejection upon judicial review — , when the administrative finder of fact evaluates as correct the testimony of one witness testifying for one party, despite contradicting testimony by one or more witnesses for the other party.”
Hall v. Doyal, 191 So.2d 349 (La.App. 3rd Cir.1966), at 352,; Carter v. Blache, 476 So.2d 873 (La.App. 2nd Cir.1985). A finding of fact will not be disturbed where there is evidence reasonably tending to sustain such finding or where there is evidence from which an inference of the fact could fairly be drawn. McGinnis, supra. When *483 the evidence produced at a hearing before an administrative agency, such as a Board of Review, is open to various constructions, the reviewing court must accept the findings of the agency. Wilson v. Brown, 147 So.2d 27 (La.App. 2nd Cir.1962),; Ross v. Holiday Inn, 191 So.2d 335 (La.App. 3rd Cir.1966). “Sufficient evidence” has been interpreted to require that the evidence in support of the Board’s finding be legal, competent and sufficient. See, e.g. McGinnis, supra; Friloux v. Administrator, Division of Employment Sec. of Dept. of Labor, 136 So.2d 99 (La.App. 4th Cir.1962). Thus the evidence must be more than mere hearsay. Hall, supra.
Here the evidence consisted principally of testimony from claimants, who were former employees, two management personnel and one former salesman who had been laid off by the company. Evidence supporting the Board’s findings consists only of testimony by the four drivers that they were laid off during the week preceding the strike. Such testimony indicates that they were the victims of a lockout, not of a strike. They were allegedly told by the dispatcher, Lowell Bergeron, that their services were no longer needed. Bergeron and Cass Gilliland, Vice President and General Manager, deny this. Gil-liland adds that he, not Bergeron, administers any lay-offs and that this procedure conflicts with the customary and contracted procedure of lay-offs which are to be by seniority. Wallace Lyons, former salesman for Dunham-Price, suggested that the impending nature of the strike and the company’s response of hiring new drivers were common knowledge. Nevertheless, the claimants’ testimony supports the theory that the employer’s conduct constituted a lockout. This theory is a possible construction which the claimants’ testimony reasonably tends to sustain. See McGinnis, supra. This may not be the most reasonable construction; indeed, on the face of the cold record it appears less than probable. But, judicial review of the findings of the Board of Review does not include the weighing of evidence, drawing of inferences, re-evaluation of evidence or substituting the views of the court for that of the Board of Review as to the correctness of the facts. Dubois v. La. Dept. of Labor, Office of Emp. Sec., 427 So.2d 645 (La.App. 5th Cir.1983). Because the Board’s findings implicitly accept the credibility of the claimants, the Board of Review’s findings are supported by sufficient evidence within the meaning of Section 1634. Appellants correctly cite the burden carried by the employee. See Senegal v. Lake Charles Stevedores, Inc., 250 La. 623, 197 So.2d 648 (1967); Amstar Corporation v. Gerace, 388 So.2d 1167 (La.App. 4th Cir.1980); (an employee must establish that he comes within the exceptions to disqualification by showing that he is neither participating in nor interested in the dispute). But, whether an employee satisfies his burden is not a matter of judicial review. A similar argument was rejected in Hall v. Doyal, supra.
Accordingly, the judgment of the lower court is affirmed. Costs of this appeal are taxed to appellant.
AFFIRMED.
DOMENGEAUX and YELVERTON, JJ., concur with reasons.