EDWARDS, Judge.
For tax year 1981, Dow Chemical Company took issue with the assessment applied to its property in various parishes of south Louisiana. It appealed to boards of review in those parishes and then to the Louisiana Tax Commission. Gaining no relief, or very little, Dow went next to the Eighteenth Judicial District Court in Iberville Parish. The result there was an adverse judgment. The company now brings its appeal to this court.
This case is, for all practical purposes, a re-litigation of Dow’s objection to its tax assessment for the year 1980. Dow Chemical Co. v. Pitre, 468 So.2d 747 (La.App. 1st Cir.1985), writ denied, 474 So.2d 1308 (La.1985). Although this is technically a different case with different amounts of money involved, the legalities, the issues, and even the attorneys are the same. In view of the extensive treatment which we gave this matter in the earlier case, and considering that this time we reach the same result, we forego a detailed survey and treat only the fundamental issues.
Dow argues, first, that its personal property should be valued as of 1976, the year in which real property was last assessed. This is required, so Dow contends, by the constitutional principle of uniformity, under which the tax burden in Louisiana is apportioned between the two classes of property. The Tax Commission ruled to the contrary, refusing the request for indexing to a common base date. The Commission held that "... LSA-R.S. 47:2331 is constitutionally sound, does not discriminate, and establishes two classes of property to be treated uniformly within the state.” The district court affirmed, citing LSA-Const. Art. VII, § 18(B).
We agree with the court. It is plain that LSA-R.S. 47:2331 requires the annual reappraisal of personal property. The Legislature intended to create a classification between personal and real property when it provided for different assessment intervals. We hold now, as we did earlier, that the Legislature may do this without violating the constitution.
The Tax Commission did grant some minor relief to Dow Chemical when it updated its valuation tables and accepted an appraisal made for Dow by the American Appraisal Company. The Commission then granted a reduction of the assessment for functional obsolescence and granted an additional reduction of 1% for economic obsolescence.
The trial court reversed both of these reductions. Concerning use of the updated table, the court said:
There is no showing in the record that the valuation table updating was used as a basis for any other property assessment during the 1981 tax year. This action by the Commission in the appellate stage of the case creates the kind of disparity in assessments that uniformity was designed to correct. Certainly, Dow Chemical should not be expected to pay taxes based on an updated valuation table when other properties similarly situated throughout the State were assessed on the basis of the outdated valuation table. The Court feels that this action by the Commission was clearly in error, (emphasis added)
In disallowing the use of a private appraisal by the Commission, the court said:
If the taxpayer is allowed to circumvent the constitutional authority of the assessor by providing information to the Tax Commission that it has refused to provide to the Tax Assessor, and the Commission allows such action, then in the Court’s opinion, the Commission has usurped the constitutional powers of the Assessor.
The court then reinstated the original assessment.
When this same question was presented to us in the earlier appeal, we held as follows:
Under the facts of this case, we must conclude that the trial court was correct in holding that the Tax Commission erred in employing Dow’s independent appraisal to modify the assessor’s assessment. *198 While it is true that the Tax Commission should receive all probative evidence to aid it in its function, that function is specifically designated by the constitution to be one of review, as opposed to assessment. La. Const, art. VII, § 18(E). See also Bussie v. Long, 286 So.2d 689 (La.App. 1st Cir.1973), writ ref., 288 So.2d 354.
Dow Chemical Co. v. Pitre, 468 So.2d 747, 754 (La.App. 1st Cir.1985).
Accordingly, we affirm the trial court’s reinstatement of the assessor’s valuation. We further affirm the trial court’s ruling that the updated tables were improperly employed by the Commission. We agree with and affirm the court’s holding that the Tax Commission should not have considered Dow’s private appraisal.
Dow’s third contention concerns the assessments of its pipelines in various parishes. The Company first asserts that the fair market value of the pipelines should be indexed to reflect a value dated as of October 1976. We hold that this is no more valid for pipelines than it is for personal property. Accordingly, we affirm the trial court’s rejection of this argument. Dow contends further that the Tax Commission should have made allowance for functional and economic obsolescence. The Tax Commission in 1980 defined design capacity as 80% of maximum capacity. The record indicates that Dow does not expect to operate its pipelines in excess of that percentage due to normal maintenance and downtime.
The trial court did, however, note that the Tax Commission updated its indexes during the process of the assessment review and that it used the updated indexes in determining the case. While expressing “serious concern over the use of this procedure and its effect on uniformity among taxpayers,” the court noted that no objection to it had been raised and, accordingly, it affirmed the Tax Commission’s valuation.
We agree with the court’s holding. In view of the fact that no objection was raised, we find no error.
In its fourth assertion, Dow argues that LSA-R.S. 47:2110 is unconstitutional because it provides for a different rate of interest on refunds of property taxes paid under protest than is applicable to other taxes under LSA-R.S. 47:1567. Dow argues that the failure to pay the same rate of interest constitutes a taking of property without due process, and a denial of equal protection. Since Dow is not entitled to a refund, however, we need not decide this question.
Costs of this appeal are taxed to Dow Chemical Company.
AFFIRMED.