DOUCET, Judge.
This unemployment compensation case involves an appeal from a judgment rendered by a district court affirming the administrative determination disqualifying appellant from receiving benefits. We affirm.
Appellant, Deidra Hypolite, was employed as a nurse’s aide at Oakwood Village Nurse Care Center from April 21, 1982 until her employment was terminated on September 17, 1985. Appellant filed a claim for unemployment compensation benefits with the Louisiana Office of Employment Security (Office). The Office determined that appellant was disqualified from receiving benefits by LSA-R.S. 23:1601(2) because she was discharged by her employer for misconduct connected with her employment.
Ms. Hypolite appealed that decision to an Appeals Referee. After hearing the testimony of appellant, the testimony of a representative of her employer, and reviewing some documentary evidence, the Appeals Referee affirmed the decision of the Office. The Board of Review later affirmed the decision reached by the Appeals Referee. Appellant then sought judicial review of the Board of Review’s decision. The district court affirmed that decision and appellant now appeals claiming that the Board of Review’s decision was based solely upon hearsay evidence and that the Board of Review’s decision was not based upon competent evidence, therefore, the employer failed to carry its burden of proof of appellant’s misconduct.
As stated by this court in Hall v. Doyal, 191 So.2d 349 (La.App. 3rd Cir.1966):
“In the absence of fraud, the judicial review of agency findings in unemployment compensation matters is statutorily limited to (a) whether the facts found by the agency are supported by competent evidence produced at the agency hearing and, if so (b) whether such facts do as a matter of law justify the agency action. LSA-R.S. 23:1634; Gardere v. Brown, La.App. 1 Cir., 170 So.2d 758; Lee v. Brown, La.App. 3 Cir., 148 So.2d 321; Turner v. Brown, La.App. 3 Cir., 134 So.2d 384.”
There is no allegation or evidence of fraud in the instant case, therefore our review is limited to the two issues just mentioned.
Appellant asserts that the findings of fact by the Appeals Referee, which were adopted by the Board of Review, were based solely on hearsay evidence which is not sufficient evidence as required by LSA-R.S. 23:1634. Hearsay evidence, while admissible in an administrative hearing, is not competent evidence and cannot be considered by this court in determining whether the factual findings of the Board of Review are supported by “sufficient evidence” as required by LSA-R.S. 23:1634. Wilkerson v. State Office of Employment Security, 439 So.2d 506 (La.App. 1st Cir.1983).
The findings of fact, as determined by the Appeals Referee and adopted by the Board of Review, are:
“The claimant worked for the named employer from April 21, 1982 until July 15, 1985. At the time of separation, she was employed as a Nurses Aide, earning $3.50 per hour. She was scheduled to work 8 hours per day, from 7:00 A.M. to 3:00 P.M., 4 days on and 2 days off. She was discharged from her job because of poor patient care and failing to document patient care on her assignment sheets. She had been warned about poor patient care on April 3, 1984, December 9, 1984, and February 7,1985. On June 30,1985, she was again warned about poor patient care and she was suspended for 3 days, July 1, 2, and 3, 1985. She was told that any further incidents of poor patient care would result in termination. On July 16, 1985, the claimant was terminated for failing to document patient care on July 6, 7, 8, 9, 12, 13, 14, and 15, 1985. The claimant had been warned verbally on *660 several occasions about the importance of completing the assignment sheets so that the patient care would be documented.” (emphasis added)
The Appeals Referee and the Board of Review determined that appellant’s discharge “was for misconduct connected with the employment and that her separation from employment was under disqualifying circumstances.”
LSA-R.S. 23:1601(2) provides that an individual shall be disqualified from receiving unemployment compensation benefits “if the Administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment.” With regard to this provision, this Court in Prenell v. Brown, 130 So.2d 520 (La.App. 3rd Cir.1961) stated:
“The term ‘misconduct’ has been uniformly defined by the courts of Louisiana to mean a willful and wanton disregard of an employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show intentional and substantial disregard of the employer’s interests, or of the employee’s duties and obligations to his employer.”
Appellant asserts that the employer, which bore the burden of proof, presented insufficient competent evidence to support its allegations of misconduct. The assertion primarily is based on the argument that the evidence consisted solely of hearsay. While we agree some of the testimony and evidence presented was hearsay, after a careful reading of the testimony and documentary evidence, we find that there was sufficient competent evidence to support the Board of Review’s factual conclusions regarding misconduct to disqualify the appellant from receiving benefits.
The employer submitted to the Appeals Referee two copies of its “Employee Code of Conduct.” On June 28,1982, and February 6, 1985, the appellant signed these two documents acknowledging that she understood and agreed to abide by these “rules of conduct.” Appellant admitted under oath that she signed these documents. These forms state that violation of any of the rules of conduct will constitute cause for discharge. Rules 12 and 26 of the “Employee Code of Conduct” state:
“12. Willful or careless disregard of, or inattention to, working directions and instructions; or refusal to comply with, or violations of these rules, safety or fire regulations or sanitary rules and regulations.
[[Image here]]
“26. Inefficiency, inability and/or gross or repeated negligence in the performance of assigned duties.”
These documents show that appellant was warned that failure to follow working directions or instructions, violation of rules, or repeated negligence in the performance of assigned duties were all grounds for discharge.
The employer also submitted an “Employer Counseling Form” dated June 30, 1985. This form documented an incident in which appellant failed to follow instructions to care for a certain patient. When her supervisor inspected the patient’s room she found the draw sheets folded under the patient’s shoulders, the bed wet with urine, the patient did not have a gown on, the patient’s feet were hanging over the bed-board, and the patient did not have any sheets over him. The form also indicates that the appellant had been instructed by her supervisor to take the patient’s temperature and that she did not do so. The form further indicates that the appellant was suspended from her employment for three days as a result of this incident and that she was warned that further incidents would lead to immediate termination.
Appellant admitted to the Appeals Referee under oath that she had signed the Counseling Form. Appellant also admitted that she had signed a statement on December 5,1985 in which she acknowledged that she forgot to take the patient’s temperature and that the patient was found “wet” *661 in the June 30, 1985 incident. Appellant acknowledged under oath to the Appeals Referee that the information contained in that statement was correct. Appellant also acknowledged that she had been suspended for three days because of the incident on June 30, 1985. Further, Ms. Cynthia Alpha, the Resident Services Director for the employer, stated under oath to the Appeals Referee that she was the appellant’s supervisor on June 30, 1985 and that she was present at the incident documented on the counseling form for that date. She stated that she had signed the counseling form.
The employer also submitted six other “Employee Counseling Forms” pértaining to appellant. No representative of the employer who had filled out the forms was present at the hearing before the Appeals Referee, so these documents are hearsay and cannot be considered by this court. The counseling form dated July 17, 1985 purports to document the reasons for the appellant’s discharge. It states that the reasons for the discharge were poor patient care as documented by the other counseling forms and failure to fill out “work sheets” or “assignment sheets” for July 6, 7, 8, 9, 12, 13, 14, and 15, 1985. These sheets are used to document important patient care such as feeding, hygiene, waste elimination, ambulation, and other aspects of patient care. It also states that appellant had been told verbally of the importance of completing these sheets and that further incidents of poor patient care would lead to termination.
While the counseling form of July 17, 1985 is itself hearsay, the appellant’s own admissions under oath to the Appeals Referee show that the appellant had in fact failed to complete the work sheets and had been previously warned that failure to do so would result in termination of her employment.
The transcript of the hearing reveals that the Appeals Referee asked the appellant if she had completed the sheets mentioned on the counseling form and that she admitted she had not. The transcript provides in pertinent part:
“REFEREE: Assignment sheets. So you’re saying you did do them?
CLAIMANT: No, I didn’t do them. I didn’t do them, but I had a reason not to do them.
* # * * * #
REFEREE: Were you told that it was okay not to do do the assignment sheet[s]?
CLAIMANT: No, I wasn’t told that.
REFEREE: Were you told that you had to do the assignment sheets no matter what?
CLAIMANT: We had to do them.
[[Image here]]
REFEREE: Is it possible that you never did them [the assignment sheets]?
CLAIMANT: They had the paper to show and I don’t recall doing them.”
The transcript also reveals that the appellant admitted that she had been warned that failure to complete the sheets could result in her discharge. The transcript provides in pertinent part:
“REFEREE: You were never warned that if you didn’t do the work sheets, you would be terminated, the assignment sheets?
CLAIMANT: Well when Ms. Kent came she the one cause when Ms. — this other nurse was here and she hadn’t really well she told us about the papers but she — she didn’t warn us — but when Ms. Kent came she warned us and told us it had to be done. It had to be done.”
The claimant’s sworn testimony alone is sufficient evidence to meet the test of LSA-R.S. 23:1634 regarding judicial review of agency findings in unemployment compensation matters. Trunkline Gas Company v. Administrator, Department of Employment Security, 364 So.2d 1365 (La.App. 3rd Cir.1978). In the instant case *662 the testimony of appellant is sufficient to support a finding that she did not complete the assignment sheets and that she had been warned that such failure would lead to termination of her employment.
Thus, we find that, with the exception of the underlined sentence, the findings of fact quoted supra, as determined by the Appeals Referee and adopted by the Board of Review, are supported by competent evidence produced at the agency hearing. We further find that such facts are sufficient to justify the Board of Review’s determination that appellant’s discharge was for misconduct connected with her employment and for that reason she was disqualified from receiving unemployment compensation benefits.
For the reasons assigned, we affirm the judgment of the trial court.
AFFIRMED.