LANDRIEU, Judge.
In this appeal, we are asked to determine whether the trial court erred in overturning a decision of the Tax Commission. Concluding that there was not sufficient probative evidence to support the findings of the administrative body, we affirm the judgment of the trial court.
PACTS AND PROCEDURE:
For the year 1991, Erroll G. Williams, Assessor for the Third Municipal District, Parish of Orleans, valued the land and improvements known as the Huntington Park Apartments in the amount of Two Million Ninety-Three Thousand and No/100 ($2,093,000.00) Dollars. The improvements alone, which consist of an eight (8) building, one hundred sixty-one (161) dwelling unit apartment complex, with a swimming pool, club house, tennis court, on-site parking, and landscaped grounds, were assessed at One Million, Three Hundred Seventy-Nine Thousand, Seven Hundred and No/100 ($1,379,700.00) Dollars. Since the complex is approximately twenty (20) years old and maintenance has been deferred, it is alleged that there are substantial renovations necessary. At the hearing of the Tax Commission, the property manager testified that a new roof, air conditioning system, and various electrical and mechanical repairs were needed.
Theodore Kirn, a deputy assessor in the Third District, testified at the Tax Commission hearing that the property was acquired in 1971 for Two Million Four Hundred Thousand and No/100 ($2,400,000.00) Dollars. According to Mr. Kirn, the 1991 assessment of approximately Two Million One Hundred Thousand and No/100 ($2,100,000.00) Dollars was based on a market comparison using apartments that generated similar income on a per unit basis, since the income approach to value “doesn’t work in this particular case.” [1]
The assessed property is an asset of the estate of Huntington, Ltd., which is being liquidated through a bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Louisiana. Carl A. Dengel is the duly authorized and appointed trustee for the bankrupt estate, who sought a reduction in the appraised value of the property. He claims that there are unusually high expenses for the apartment complex which are dictated by HUD regulations and that there is no market for HUD properties. HUD is the mortgagee on the property.
Dengel first sought a review of the tax assessment of the property with the Orleans Parish Board of Review. In his application for review, he urged that the improvements should properly be valued at Seven Hundred Fifty Thousand and No/ 100 ($750,000.00) Dollars. Since its independent consultant agreed with the assessor’s valuation, the Board unanimously determined that no reduction should be made in the assessment of the property for 1991.
Thereafter, Dengel appealed to the Louisiana Tax Commission. At a hearing on November 7, 1990, he offered the testimony of the property manager regarding the necessary improvements and a realtor concerning the market value of the property.[2] According to the testimony, the value of the property depended on whether or not the mortgage was assumable. If assuma *726 ble, the likely selling price allegedly ranged between One Million Two Hundred Thousand and No/100 ($1,200,000.00) Dollars and One Million Five Hundred Thousand and No/100 ($1,500,000.00) Dollars; if not, it ranged between Eight Hundred Seventy-Five Thousand and No/100 ($875,000.00) Dollars and Nine Hundred Sixty Thousand and No/100 ($960,000.00) Dollars.
The Commission agreed with Dengel that the HUD regulations operated as an unfavorable lease and that there was little market for HUD properties. Despite the reported conclusion of its own appraiser that the fair market value was essentially the same as that assessed, the Commission found that the total value of the property was Eight Hundred Seventy-Five Thousand and No/100 ($875,000.00) Dollars,-the value sought by the taxpayer and the lowest likely selling price, according to the taxpayer’s own evidence. After finding that the land had been properly valued at Seven Hundred Thirteen Thousand Three Hundred and No/100 ($713,300.00) Dollars, the Commission determined that the value of the improvements should be lowered to One Hundred Sixty-One Thousand Seven Hundred and No/100 ($161,700.00) Dollars.
From that decision of the Tax Commission, the assessor sought judicial review. He complained that the Commission’s valuation of the improvements was not supported by the substantial evidence before it and was a usurpation of the constitutional authority of the office of the assessor. Neither party contested the assessment of the land alone at Seven Hundred Thirteen Thousand Three Hundred and No/100 ($713,300.00) Dollars. In her amended judgment of September 26, 1991, the trial judge reversed the decision of the Louisiana Tax Commission with respect to the assessed valuation of the improvements owned by Huntington, Ltd. and reinstated the assessment of One Million Three Hundred Seventy-Nine Thousand Seven Hundred and No/100 ($1,379,700.00) Dollars. That judgment, in turn, has been appealed by the trustee.
DISCUSSION:
Assessment Procedure:
Pursuant to constitutional authority found at La. Const, art. VII, § 18(D), each assessor is charged with the responsibility of determining the fair market value of all property subject to taxation within his parish, at intervals of not more than four (4) years. In addition, it is required that fair market value be determined in accordance with criteria, established by law and applied uniformly throughout the state.
The Legislature has provided the criteria for determining the fair market value of real property at La.Rev.Stat.Ann. § 47:2323 C (West 1990). Generally recognized appraisal procedures, the market approach, the cost approach, and/or the income approach, must be followed. To properly utilize an approach for determining the fair market value, the assessor is required by § 47:2324 to gather all necessary data. To that end, the assessor may employ the use of self-reporting forms, which must be returned to the assessor on the first day of April or forty-five (45) days after receipt by the property owner, whichever is later. Section 47:2329 provides that the property owner shall have no legal right to question the fair market value determination by the assessor if he fails to make any report required under this act.
According to § 47:1931, assessments throughout the state are subject to review by boards of reviewers. In Orleans Parish, the board consists of the Mayor of New Orleans, as chairman, together with other members of city government and members from various boards.
Within ten (10) days of receipt of the assessment lists as certified by the local board of review, § 47:1989 provides that the Tax Commission shall conduct public hearings to hear appeals from the action of the board of review. The Tax Commission conducts such hearings in accordance with its rules and regulations and is authorized to affirm, reverse, or modify the determination of the board of review contested either by any taxpayer, representative of an affected tax-recipient body, or assessor. Although the Tax Commission is able to re *727 ceive all probative evidence to aid in its function, that function has been specially designated in La. Const. art. VII, § 18(E) as one of review rather than as one of assessment. Pitre v. Louisiana Tax Commission, et al., 493 So.2d 196, 198 (La.App. 1st Cir.1986).
Judicial Review of the Decision of the Tax Commission:
Pursuant to the provisions of § 47:1998 A(l), either the taxpayer or a representative of an affected tax-recipient body,[3] which is dissatisfied with the action of the Tax Commission, may institute suit in the district court. The extent of the review by the district court, however, is governed by the Administrative Procedure Act, La.Rev. Stat.Ann. § 49:964 F (West 1987),[4] which provides that the court’s review be conducted without a jury and be confined to the record. To reverse or modify the decision of the administrative agency, the court must find that substantial rights of the appellant have been prejudiced because the findings are:
(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
(5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(6) Manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency’s determination of credibility issues.
La.Rev.Stat.Ann. § 49:964 G (West 1987).
It is not disputed that substantial rights are involved in this case. Not only will the significant reduction in the assessment result in the corresponding reduction of revenue to the City and to all governmental bodies which rely on ad valorem taxes, but the action of the Tax Commission also upsets the uniform valuation of similarly situated property in the Third District.
In addition, however, the trial court’s reversal of the decision of the Tax Commission must be based on a finding that the prejudice resulted from any one (1) of the six (6) grounds recited in § 49:964 G. Johnson v. Odom, 536 So.2d 541, 546 (La.App. 1st Cir.1988). Among those grounds, the manifest error test is used by the courts to review the commission’s fact calls, “in view of the reliable, probative, and substantial evidence on the whole record.” In reviewing conclusions from those fact findings as well as agency discretion, the courts consider whether the agency acted arbitrarily and capriciously. Thus, the reviewing court must determine whether “the administrative body had a rational basis for discretionary determinations and whether these determinations were supported by substantial evidence.” Labrosse v. St. Bernard Parish School Board, 483 So.2d 1253, 1256 (La.App. 4th Cir.1986). Although hearsay evidence is admissible in an administrative hearing, it is not competent evidence and cannot be considered by a court in determining whether the factual findings of an administrative body are supported by sufficient evidence. Hypolite v. Administrator, Office of Employment Security, 539 So.2d 658, 659 (La.App. 3d Cir.1989).
In this case, the Tax Commission reduced the assessment of the improvements on this property in New Orleans East to One Hundred Sixty-One Thousand Seven Hundred and No/100 ($161,700.00) Dollars, a value approximately one million *728 dollars below that fixed by the assessor, the board of review, and the commission’s own appraiser, and even hundreds of thousands of dollars below the value proposed by the taxpayer. This reduction was neither reached by means of a recognized appraisal procedure nor supported by the reliable, probative and substantial evidence before the Tax Commission. Evidence concerning the need for capital improvements, such as a new roof, should not reduce the net income of the project on a dollar for dollar basis. Rather than expensing such expenditures 100% in the year of the expenditure, those capital improvements would be depreciated over the life of the building. Furthermore, the evidence concerning the market value of the property was hearsay and could not be considered sufficient evidence in determining whether the factual findings of the Tax Commission were adequately supported.
The assessor also complained that the evidence considered by the Tax Commission had not been presented first to his office and that its use by the commission was a usurpation of his function. Since we conclude that the decision of the Tax Commission was not supported by the reliable, probative, and substantial evidence on the whole record and was therefore an abuse of its discretion, we need not consider whether the Commission exceeded its constitutional and statutory authority in “reassessing” the improvements on this property.
Accordingly, the decision of the trial court, reversing the Tax Commission, is affirmed.
AFFIRMED.

. Based on the income and expense data submitted by the appellant, the total valuation under the income approach totalled only Three Hundred Forty-One Thousand, Nine Hundred Fifty-Two and No/100 ($341,952.00) Dollars. However, a fourteen (14) year old, twenty-four (24) unit, wood frame apartment complex located nearby sold for Three Hundred Ninety-Eight Thousand Five hundred and No/100 ($398,-500.00) Dollars on July 31, 1989.

. Mike Chiasson of Gertrude Gardner, the realtor who testified on behalf of the trustee, was not a commercial agent and admitted that the market valuation of the property, about which he testified, was prepared, in fact, by two (2) members of the real estate agency’s commercial department.

. La.Rev.Stat.Ann. § 47:1998 C specifically authorizes the assessor to bring suit, "when necessary to protect the interest of the state” and to have the right of appeal.

. Although the Administrative Procedure Act is not applicable to the Board of Tax Appeals or the Department of Revenue and Taxation, La. Rev.Stat.Ann. § 49:967 A provides that the Louisiana Tax Commission shall continue to be governed by the provisions of the Act unless otherwise specifically provided by law.