CIACCIO, Judge.
In these consolidated cases plaintiffs appeal from a judgment of the trial court which affirms a decision of the Louisiana Tax Commission. For the reasons stated, we affirm the trial court’s judgment.
FACTUAL SITUATION
Plaintiffs are the owners of commercial immovable property located in the First Municipal District of the City of New Orleans and are challenging tax assessment *924 practices within the City of New Orleans. They originally filed suit against the City of New Orleans and the Finance Department, the seven city assessors and the Louisiana Tax Commission. The City and the assessors were subsequently dismissed and the only defendant currently remaining in the lawsuit is the Louisiana Tax Commission.
On appeal, plaintiffs assert that the assessment practices within the City of New Orleans for the collection of ad valorem real estate taxes violate provisions of the state and federal constitutions. Both the Louisiana and the United States constitutions require uniformity and equality in taxation. Plaintiffs contend that the seven assessors in Orleans Parish have failed to uniformly determine the fair market value of immovable property within the parish. Although the plaintiffs do not contest the correctness of the valuations made on their property, they argue that the property in the other municipal districts within Orleans Parish has been consistently undervalued by the various assessors resulting in a lack of uniformity in assessments among the several municipal districts. This lack of uniformity, plaintiffs argue, has forced property owners in the First Municipal District to bear a disproportionate burden of the ad valorem tax. Plaintiffs are therefore seeking a reduction in their assessments for the tax years 1988 and 1989, and a refund of amounts paid into escrow under protest.
APPLICABLE LAW
The 1974 Louisiana Constitution, Article VII, Section 18 provides that property subject to ad valorem taxation shall be assessed at a percentage of its fair market value. Fair market value is determined by each district assessor and shall be uniform throughout the state. La.R.S. 47:2323(B) requires each assessor to follow uniform guidelines in determining the fair market value of property subject to taxation within his district.
The Fourteenth Amendment of the United States Constitution likewise requires uniformity and equality of taxation. The United States Supreme Court in Allegheny Pittsburgh Coal Co. v. County Com’n of Webster County, W.Va., 488 U.S. 336, 109 S.Ct. 633, 639, 102 L.Ed.2d 688 (1989) states:
[Ijntentional systematic undervaluation by state officials of other taxable property in the same class contravenes the constitutional right of one taxed upon the full value of his property. (Citations omitted)
STANDARD OF REVIEW
The correctness of assessments by the assessors is subject to review first by the parish governing authority, then by the Louisiana Tax Commission and finally by the courts. LSA-Const. Art. VII, Sec. 18(E). After being denied relief from the Orleans Parish Board of Review, the plaintiffs appealed to the Tax Commission, seeking a declaration that the assessments in the First Municipal District were being unconstitutionally applied.
ANALYSIS
The Louisiana Tax Commission, after consideration of pleadings, exhibits and argument of counsel concluded that the disputed assessments in the First Municipal District were equitable. The Commission stated in its reasons for decision of January 24, 1989:
The Commission finds that the taxpayers, as a group, alleged that the assessments in the First District of Orleans were being nonuniformly assessed when compared with the assessment levels in other assessment districts in the parish. The pleadings, as indicated above, fail to allege a pattern of nonuniformity or request a uniform reduction. The evidence presented, likewise, fails to establish a case for nonuniformity. While individual instances of over or under assessment can be shown by the volumes introduced, no pattern of discrimination is discerna-ble.
Accordingly, the Commission upheld the disputed assessments.
Plaintiffs then appealed from this decision to the Civil District Court. The matter was tried on June 27, 1990, and on October *925 22, 1990, the trial court rendered judgment affirming the decision of the Louisiana Tax Commission. In its lengthy reasons for judgment, the court found that although variances as to the valuation of property exist in each municipal district, plaintiffs had “failed to show any present intentional practice resulting in discrimination” so as to rise to the level of violating the constitution. The court concluded that plaintiffs “failed to carry their burden to show non-uniformity of assessments and a resultant nonuniformity of taxes” The court further stated:
Differences in assessments between the districts for like kinds of property will exist because of the location, age, construction, et cetera, of property. The Court finds at present no denial of a constitutional or statutory right of the plaintiffs and the plaintiffs have failed to carry their burden in that regard.
This appeal followed. Appellants contend that there is a complete lack of uniformity in the assessments for taxable years 1988 and 1989 and that they are therefore entitled to recover to the extent that their assessment causes them to pay taxes in excess of that of the remainder of the City of New Orleans. They argue that they have submitted ample proof of lack of uniformity and a basis upon which the refund should be granted. We do not agree.
In support of their position, appellants point to a letter from the Tax Commission dated May 27, 1988 to five of the seven assessors in Orleans Parish. In that letter, the Commission ordered a reappraisal of all residential property for the tax year 1989, stating that there was an excessive lack of uniformity in the assessment level among individual taxpayers on the various assessors’ 1988 tax rolls. Appellants argue that this letter is prima facie evidence of a lack of uniformity among the city’s seven assessors.
However, assertions that there are variations in assessments for a specific tax year are insufficient to show a constitutional violation. In order to obtain the relief sought, appellants must show an intentional systematic undervaluation by state officials of comparable property. Allegheny, supra. This is not a situation where plaintiffs are contesting the correctness of the valuations made on their property. Rather, plaintiffs are challenging the validity of the valuations and resulting assessments in areas other than the First Municipal District. In the present case, there has been no showing that the property in the other municipal districts have been intentionally or systematically undervalued by the individual assessors. There is nothing in the record which shows that the various assessors employ assessment practices which result in one district bearing a disproportionate amount of the ad valorem taxes. Although there may be evidence that the assessments in a particular district were not uniform at a particular time, there has been no evidence presented that such variations in assessments have discriminated against appellants so as to entitle them to the relief sought.
Although the assessments among the various municipal districts may result in some nonuniform values between similar properties, there has been no showing that the apparent disparity violates constitutional or statutory provisions. The Louisiana Tax Commission has taken steps to bring about uniformity of assessment valuations but the accomplishment of this end is impossible to achieve except over a period of several years. In view of the actions of the Tax Commission and of the apparent compliance with its orders by the other assessors, the evidence in the record is insufficient to demonstrate appellants’ entitlement to the relief sought.
For these reasons, we are unable to conclude that the trial court’s affirmation of the decision of the Louisiana Tax Commission is erroneous. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are taxed against appellants.
AFFIRMED.