635 So.2d 714 (1994)
OBAFUNWA FAMILY[1]
v.
APPEALS BUREAU[2].
No. CA 93 0820.
Court of Appeal of Louisiana, First Circuit.
April 8, 1994.
*715 Arax T. Brumfield, Baton Rouge, for defendant-appellant Louisiana Dept. of Social Services.
Jerry Phillips, Baton Rouge, for defendant-appellant Louisiana Dept. of Health and Hospitals.
Christopher K. Obafunwa, in pro. per.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
This case is before us on appeal from a judgment of the trial court reversing the final decision of the Louisiana Department of Social Services (DSS) to terminate Medicaid benefits for the Obafunwa children through the Child Health and Maternity Program. For the following reasons, we reverse the judgment of the trial court and reinstate the final decision of DSS terminating benefits.

FACTS AND PROCEDURAL HISTORY
The children of Christopher and Margaret Obafunwa were recipients of Medicaid through the Child Health and Maternity Program (CHAMP). Pursuant to a redetermination review, the Lafayette Parish Office of Family Support notified the Obafunwas in January of 1992 that CHAMP Medicaid benefits would be terminated as of March 1992, because the family's monthly income exceeded federally imposed limits for eligibility.
The Obafunwas timely requested review of this decision, and a hearing was conducted on April 28, 1992, by the Department of Social Services, Appeals Bureau. At the hearing, Mr. Obafunwa argued that he was self-employed and, thus, that his business expenses should be deducted from his gross earnings to determine his total countable income for *716 purposes of the income eligibility determination.
On May 14, 1992, the hearing officer issued a decision, finding that Mr. Obafunwa was not self-employed and recommending cessation of CHAMP Medicaid coverage for the Obafunwa children because of income ineligibility.
On June 12, 1992, Christopher Obafunwa filed a petition for judicial review of the hearing officer's ruling in district court in the 19th Judicial District pursuant to the Administrative Procedure Act. LSA-R.S. 49:950 et seq. By order signed June 18, 1992, the trial court ordered DSS to show cause on August 21, 1992 at 9:30 a.m. why the decision of the hearing officer should not be set aside.
On August 19, 1992, the Louisiana Department of Health and Hospitals (DHH) filed a petition of intervention, averring that DHH was the state agency designated to administer the Medicaid program for the State of Louisiana. By order signed August 24, 1992, the trial court allowed DHH's intervention.
At the scheduled hearing on the rule to show cause, Mr. Obafunwa requested a continuance, to which counsel for DSS did not object.[3] Thus, the rule to show cause was reset for October 23, 1992, at 9:30 a.m.
On October 23, 1992, when the matter was called, the trial judge stated that he had already ruled in favor of the Obafunwa family and reversed the Appeals Bureau in "the cutting off of the Medicaid benefits or reducing them." By judgment dated February 22, 1993, the trial court reversed and set aside the final decision of DSS to discontinue Medicaid benefits, and ordered that Medicaid benefits for the Obafunwa children through CHAMP be continued for the period in review.
From this judgment, DSS and DHH appeal, alleging that the trial court erred in (1) failing to apply the applicable Medicaid rules to this case and rendering a judgment not supported by the evidence, and (2) in not allowing oral argument at the October 23, 1992, rule to show cause.

DISCUSSION
CHAMP provides Medicaid benefits to children born on or after October 1, 1983, who meet certain income and non-financial eligibility criteria. Medicaid Eligibility Manual, § H-310. To determine eligibility for such benefits, the family's "countable earned income" is compared to the Federal Poverty Income Guidelines. See Medicaid Eligibility Manual, §§ H-341, Z-200.
"Earned income" can be classified as either wages, salaries and commissions or self-employment income. See Medicaid Eligibility Manual, §§ I-1524.41, I-1524.52. In the administrative hearing and in their appeal to the district court, the Obafunwas challenged the hearing officer's classification of Mr. Obafunwa's income as "wages, salaries and commissions," rather than income derived through "self-employment." Mr. Obafunwa claimed that, as a salesman whose earnings are derived solely from commission, he was self-employed and, thus, entitled to have business expenses deducted from his gross earnings in determining his "countable earned income." Mr. Obafunwa sought to deduct, as business expenses, advances received on commissions earned, which were deducted from his bi-monthly pay checks, and payments made to his employer for use of a company vehicle. Thus, his contention in the trial court was that the agency's termination of CHAMP benefits was erroneous.
Judicial review by the district court of an agency's final decision or order pursuant to the Administrative Procedure Act is governed by LSA-R.S. 49:964. The district court has the authority to reverse or modify the decision if substantial rights of the party seeking review have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative and substantial *717 evidence in the record. LSA-R.S. 49:964 G. Under the Administrative Procedure Act, a reviewing court is confined to the record established before the agency (except in cases of alleged irregularity in procedure before the agency). LSA-R.S. 49:964 F.
In his written reasons for judgment, the trial court stated as follows:
A thorough review of the record convinced this court that the administrative decision had been "manifestly erroneous[."] Had Mr. Obafunwa's status as a self-employed worker been taken into account by the caseworker, his CHAMP benefits would not have been terminated. Therefore, since the administrative decision was based on manifest error, it was reversed by this court.
The manifest error test is used in reviewing factual determinations of the agency. In the Matter of Dravo Basic Materials Company, Inc., 604 So.2d 630, 636 (La.App. 1st Cir.1992). It is elementary that a court's function is not to weigh de novo the available evidence and to substitute its judgment for that of the agency. Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1159 (La.1984). Under the manifest error standard of review, the issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one in light of the record reviewed in its entirety. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882-883 (La. 1993).
The record established before the Appeals Bureau reveals that Mr. Obafunwa worked as a salesman for a car dealership.[4] According to Mr. Obafunwa's testimony, his salary is based strictly on commission. However, copies of Mr. Obafunwa's payroll stubs show that, while state and federal income taxes were not withheld from his earnings, Social Security taxes were withheld by his employer.
For purposes of CHAMP Medicaid eligibility, self-employment income is defined as "income received from an applicant/beneficiary's own business, trade, or profession if no federal or state withholding tax or Social Security tax is deducted from his job payment." Medicaid Eligibility Manual, § I-1524.41. (Emphasis added.) Thus, applying this definition, Mr. Obafunwa's earnings as a car salesman do not qualify as self-employment income, inasmuch as Social Security taxes are withheld from his earnings by his employer.
Mr. Obafunwa also contended at the administrative hearing that he is self-employed by virtue of owning his own business. Mr. Obafunwa testified that he owns a company which has been incorporated since 1982. He stated that he was involved in several types of business activities, but that for the past two to three years, he prepared income tax returns. However, the only evidence offered by Mr. Obafunwa to prove this assertion was a self-serving, typewritten sheet, apparently prepared by Mr. Obafunwa, purporting to list income and expenses for "Caboc Tax Professionals Inc." for the period of November, 1991 through March, 1992.[5] Mr. Obafunwa offered no other documentation, such as business records, corporate tax returns, or receipts for revenues and expenses, to support his claim of self-employment or to establish the nature of these alleged business expenses.
Considering the foregoing, we find that there existed a reasonable factual basis in the record for the hearing officer's conclusion that Mr. Obafunwa was not self-employed, within the definition of the Medicaid eligibility guidelines. Moreover, considering the testimony and the documents supplied by Mr. Obafunwa, the hearing officer properly concluded that the Obafunwas' combined income clearly exceeded income eligibility limits. The findings of fact and conclusions of the hearing officer were amply supported by the record. Thus, the trial court erred in *718 substituting its judgment for the judgment of the hearing officer. Accordingly, the trial court erred in reversing the hearing officer's decision which had terminated CHAMP benefits.
Because we find merit in appellants' first assignment of error, we pretermit discussion of their second assignment of error.

CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court and reinstate the May 14, 1992, decision of the Department of Social Services, Appeals Bureau which terminated CHAMP Medicaid benefits for the period in review. No costs are assessed in this pauper case.
REVERSED.
GONZALES, J., concurs and assigns reasons.
GONZALES, Judge, concurring.
In reversing the decision of the trial court, the majority finds that the trial court erroneously substituted its judgment for the judgment of the hearing officer. Because the trial court failed to abide by the standard of review set forth in In the Matter of Dravo Basic Materials Company, Inc., 604 So.2d 630 (La.App. 1st Cir.1992), Save Ourselves, Inc. v. Louisiana Environmental Control Commission, 452 So.2d 1152 (La.1984), and Stobart v. State, Department of Transportation and Development, 617 So.2d 880 (La. 1993), I agree with the majority's finding.
Because the majority bases reversal of the trial court's judgment on assignment of error number one, it is quite correct in its choice to pretermit discussion of assignment of error number two in which appellant contends that the trial court erred in refusing to allow oral argument at the October 23, 1992 hearing on the rule to show cause. However, I choose to address assignment of error number two because appellant and the trial court have expressed concern regarding certain procedural aspects of this case.
Under the Administrative Procedure Act, a person aggrieved by a final decision or order in an agency adjudication proceeding is entitled to judicial review. La.R.S. 49:964(A). After the aggrieved person has filed a petition for review in the appropriate district court (§ 964(B)), and the agency has transmitted the agency record to the district court (§ 964(D)), the district court must review the agency action in accordance with § 964(F), which provides:
The review shall be conducted by the court without a jury and shall be confined to the record. In cases of alleged irregularities in procedure before the agency, not shown in the record, proof thereon may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs.
Thus, as a general rule, judicial review of agency action is confined to the agency record. However, upon request, the court is required to hear oral argument and receive written briefs.
In a per curiam opinion issued after the appeal was taken to this court, the trial court justified its failure to hear oral argument on the fact that none of the parties involved had requested oral argument, as required by La. R.S. 49:964(F). The trial court correctly points out that, in reviewing DSS's decision, it was sitting in an appellate mode and was governed by the provisions of the Administrative Procedure Act. Because no request for oral argument was made pursuant to § 964(F) of the Act, the trial court's position is that it properly confined its review of the agency action to the record, and was not required to entertain oral argument.
Although subsection (F) of La.R.S. 49:964 allows the introduction of additional evidence, and the presentation of oral arguments and written briefs, a party is only entitled to introduce additional evidence "[i]n cases of alleged irregularities in procedure before the agency, not shown on the record," and is only entitled to oral argument and the opportunity to present written briefs when such is requested by a party. Once the court has received additional proof or has heard oral argument or received written briefs, it may reverse or modify the agency action if it finds that substantial rights of the appellant have been prejudiced, and the administrative action is (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by an other *719 error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative, and substantial evidence on the whole record. La.R.S. 49:964(G).
In this case, no request for oral argument was made. Thus, the trial court did not err in refusing to allow oral argument. However, since the order signed by the trial court was in the form of a rule to show cause (which was submitted by Mr. Obafunwa as a pro se litigant), it is understandable that counsel for DSS believed that the matter was set for an evidentiary hearing with oral argument available. A rule to show cause is not a proper procedural vehicle to present on appeal. Mr. Obafunwa's complaints about the agency's process cannot possibly be construed as a claim of "irregularities in procedure" necessitating the presentation of new evidence.
The better course of action would have been for the trial court to change the form of the order either (1) to provide for oral argument if the trial court so desired, or (2) to merely set the matter for ruling so that it would appear on his docket. On balance, however, since oral argument was not requested, the failure to allow oral argument cannot be the basis for reversal.
NOTES
[1] Although the caption of these proceedings refers to plaintiffs as the "Obafunwa Family," the plaintiffs are actually Christopher and Margaret Obafunwa, individually and on behalf of their minor children, Christopher, Charles, Christina, Collins, and Catherine Obafunwa.
[2] The complete name of this defendant is Louisiana Department of Social Services, Appeals Bureau.
[3] Counsel for DSS stated that she had been authorized to handle the matter for DHH.
[4] Although Mr. Obafunwa refused to provide the hearing officer with the name of the company for whom he worked, the CHAMP worksheet in evidence lists his employer as "Jerry Land Chevrolet."
[5] The total revenues listed for this period were $2,093.00, while the total expenses listed were $11,491.56.