669 So.2d 455 (1995)
HOTEL DE LA MONNAIE OWNERS ASSOCIATION, INC.
v.
The LOUISIANA TAX COMMISSION.
No. CA 95 1009.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
Rehearing Denied March 20, 1996.
*456 Vyrona M. Wiltz, Krotz Springs, for Defendant-Appellant The Louisiana Tax Commission.
Robert H. Abbott, III, Baton Rouge, for Plaintiff-Appellee Hotel de la Monnaie Owners Association, Inc.
Before LeBLANC, WHIPPLE and FOGG, JJ.
WHIPPLE, Judge.
This case is before us on appeal from a judgment rendered by the district court in favor of plaintiff, Hotel de la Monnaie Owners Association, Inc. (hereinafter referred to as the "taxpayer"), and against defendant, The Louisiana Tax Commission (hereinafter referred to as the "commission"), granting plaintiff's petition for judicial review and reversing the decision of the commission. For the following reasons, we reverse the judgment of the trial court and reinstate the decision of the commission.

FACTS AND PROCEDURAL HISTORY
This case involves the valuation of property located at 405 Esplanade Avenue, in New Orleans, Louisiana, for purposes of the assessment of an ad valorem tax. Hotel de la *457 Monnaie is a fifty-three unit timeshare, comprising approximately 41,408 square feet.
Erroll G. Williams, Assessor for the Third Municipal District, Parish of Orleans, valued the land and improvements of the subject property in the amount of three million, five hundred seventy-three thousand, four hundred dollars ($3,573,400.00).[1] The taxpayer first sought review of the tax assessment of the property with the Orleans Parish Board of Review. The taxpayer maintained that the property should be valued at nine hundred fifty four thousand dollars ($954,000.00).[2] The Board of Review modified the original assessment and valued the property at two million, nine hundred six thousand, four hundred dollars ($2,906,400.00).[3] Both the assessor and the taxpayer appealed the decision to the commission.[4]
A hearing was held before the commission on November 29, 1993. Following the hearing, the commission determined that the fair market value of the property was two million, nine hundred twenty-four thousand, five hundred dollars ($2,924,500.00), based upon the land being valued at eight hundred thirty-five thousand dollars ($835,000.00) and the improvements at two million, eighty-nine thousand, five hundred dollars ($2,089,500.00).
The $2,924,500.00 figure adopted by the commission as the fair market value of the subject property (which was less than the figure submitted by the assessor and substantially more than the figure suggested by the taxpayer) was apparently based on an appraisal submitted by Mr. Steve LaGraize, a Louisiana Tax Commission staff appraiser. Prior to the hearing, the commission directed Mr. LaGraize to "independently appraise" the property and to submit a report to the commission. Mr. LaGraize appraised the property at $2,924,480.00 using the cost approach, allowing for 15% depreciation and $2,919,200.00 using the income approach. These computations also took into account the increase in the actual site square footage as calculated by the commission's appraiser. Additionally, Mr. LaGraize's computation utilized four apartment properties in Jefferson Parish.
The taxpayer argued before the commission that the comparables used by the commission's appraiser were outside of the tax district and were not truly reflective of the area or type of property at issue. Thus, the taxpayer argued that a lesser valuation should be used based on the comparables submitted by the taxpayer.
From that decision of the commission, the taxpayer sought judicial review. The taxpayer's appeal to the district court alleged that the assessor, the Board of Review and the commission had "ignored the law as it applies to timeshare condominiums and attempted to appraise the taxpayer's property as if it were not encumbered by [LSA-R.S. 9:1131.9(C)]" and "the Tax Commission Rules and Regulations, Louisiana Administrative Code Title 61:V.129, with regard to assessment of timeshare property." The district court agreed and by judgment dated February 8, 1995, the district court reversed the decision of the commission. The court concluded that the commission had ignored the applicable statutory provisions, in particular, LSA-R.S. 9:1131.9(C), in determining the value of the property. The court reversed the decision of the commission and determined that the fair market value of the property was $954,000.00, *458 as suggested by the taxpayer. This appeal by the commission followed.

DISCUSSION
Pursuant to constitutional authority found at LSA-Const. Art. 7, Sec. 18, each assessor is charged with the responsibility of determining the fair market value of all property subject to taxation within his parish, at intervals of not more than four years. In addition, the Louisiana Constitution requires that the fair market value be determined in accordance with criteria, established by law and applied uniformly throughout the state.
LSA-R.S. 47:2321 defines fair market value as follows:
Fair market value is the price for property which would be agreed upon between a willing and informed buyer and a willing and informed seller under usual and ordinary circumstances; it shall be the highest price estimated in terms of money which property will bring if exposed for sale on the open market with reasonable time allowed to find a purchaser who is buying with knowledge of all the uses and purposes to which the property is best adapted and for which it can be legally used.
LSA-R.S. 47:2323(C) provides as follows:
The fair market value of real and personal property shall be determined by the following generally recognized appraisal procedures: the market approach, the cost approach, and/or the income approach.
(1) In utilizing the market approach, the assessor shall use an appraisal technique in which the market value estimate is predicated upon prices paid in actual market transactions and current listings.
(2) In utilizing the cost approach, the assessor shall use a method in which the value of a property is derived by estimating the replacement or reproduction cost of the improvements; deducting therefrom the estimated depreciation; and then adding the market value of the land, if any.
(3) In utilizing the income approach, the assessor shall use an appraisal technique in which the anticipated net income is processed to indicate the capital amount of the investment which produces the net income.
Finally, LSA-R.S. 9:1131.9(C) provides:
The assessed value of a timeshare unit subject to a condominium declaration shall not exceed the assessed value of a comparable apartment, condominium unit, dwelling, or other accommodation that is not the subject of a timesharing plan.[5]
When a party is dissatisfied with the action of the commission, suit may be brought in district court, contesting the correctness of the assessment. LSA-R.S. 47:1998(A)(1). However, the extent of the review by the district court is governed by the Administrative Procedure Act. Williams v. Louisiana Tax Commission, 611 So.2d 724, 727 (La.App. 4th Cir.1992). Judicial review by the district court of an agency's final decision or order pursuant to the Administrative Procedure Act is governed by LSA-R.S. 49:964(G). The district court has the authority to reverse or modify the decision if substantial rights of the party seeking review have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative and substantial evidence in the record. LSA-R.S. 49:964(G); Obafunwa Family v. Appeals Bureau, 93-0820 (La.App. 1st Cir. 4/8/94); 635 So.2d 714, 716-717. Under the Administrative Procedure Act, a reviewing court is confined to the record established before the agency. LSA-R.S. 49:964(F); Obafunwa Family, 93-0820; 635 So.2d at 717.
The record established before the commission and reviewed by the district court contains the following information. Assessor Williams submitted a report wherein he outlined *459 the information forming the basis of his calculations of the property's fair market value. According to Williams' report, the land upon which the Hotel de la Monnaie is constructed was acquired in 1982 for $835,000.00, the value given the land by the assessor. Thus, the assessor valued the land at that amount. Likewise, Mr. LaGraize valued the land at $835,000.00. The taxpayer argued that the value of the land is $168,000.00.
Regarding the improvements on the land, the assessor determined that the value of the improvements, namely the construction itself, is $2,738,400.00. Mr. LaGraize determined the value of the improvements utilizing two of the three recognized appraisal procedures outlined in LSA-R.S. 47:2323, namely the cost approach and the income approach. According to Mr. LaGraize's calculations, the fair market value of the improvements is $2,089,480.00, utilizing the cost approach; and, $2,084,200.00, utilizing the income approach. In calculating the value based on the income approach, Mr. LaGraize outlined several comparable rental properties to determine an average rental rate per square foot. The taxpayer maintained that the value of the improvements to the property is $786,000.00.
In proceedings before the commission, the taxpayer, relying on LSA-R.S. 9:1131.9(C), contended that the actual value per unit should have been set at $18,000.00.[6] However, according to the assessor, the value per unit was properly set at $67,422.64. According to the taxpayer, the valuation set by the assessor violated LSA-R.S. 9:1131.9(C) because the assessed value of each of the timeshare units exceeded the assessed value of comparable apartments, condominium units, dwellings, or other accommodations not the subject of a timesharing plan. In support of its contention, the taxpayer submitted documentation illustrating the assessed value per unit of other timeshares, which averaged $24,310.00 per unit. Additionally, the taxpayer compared the value of rental property per unit, arriving at an average value per unit of $31,585.00.
However, the assessor contended that the subject property is "the premium time share apartment complex ..." and that "[i]t is located at the foot of Esplanade Avenue directly across from the Vieux Carre and in immediate proximity to the major tourist attractions of the City of New Orleans." Thus, according to the assessor, the comparables submitted by the taxpayer were not truly comparable. Further, according to the assessor, the Parkview Condominiums, the comparable submitted by the taxpayer which the assessor found to be most comparable to the subject property, have a sale price of $80,000.00-$86,000.00 per unit. Based on 47 available units, the assessor estimated that the total valuation for the condominium is $3,760,000.00, which is less than the value of the subject property. Moreover, the assessor noted that the tax assessment had been reduced after negotiations in June of 1991. Prior to 1991, the value per unit of the subject property was $72,047.00. The assessor argued that "[i]t [would be] difficult to reconcile a per unit reduction to $18,000.00 in the short span of 10 years."
After review by the commission, the valuation of the property was modified and the commission determined that the fair market value of the property totalled $2,924,500.00. Thus, the assessed value per unit based on this figure is $55,179.25.

ACTION OF THE TRIAL COURT
The trial court concluded that the decision of the commission was in violation of LSA-R.S. 9:1131.9(C); therefore, the decision was modified and the fair market value of the property was determined to be $954,000.00, as suggested by the taxpayer. However, our review of the administrative record herein convinces us that the decision of the commission to reject the comparables submitted by the taxpayer and to adopt the figures submitted by the commission's appraiser was not violative of this statutory provision nor was the decision arbitrary or *460 capricious or manifestly erroneous based on the evidence contained in the record.[7]
LSA-R.S. 9:1131.9(C) only requires that the assessed value of a timeshare unit not exceed the assessed value of a comparable apartment, condominium unit, dwelling or other accommodation not subject to a timeshare plan. As explained by the assessor, in the proceedings before the commission, the subject property was unique in design and location and not truly comparable to the properties relied upon by the taxpayer. Moreover, the assessor noted that the most depreciated apartment complex in New Orleans East, renting for $150.00-$175.00 per month, has an assessed value of $5,000.00 per unit. Additionally, the assessor opined that the fair market value of the Parkview Condominiums is $3,760,000.00 (or, $80,000.00 per unit), which is more than the assessed value of the subject property. Thus, we find the trial court erred in concluding that the commission ignored the mandates of LSA-R.S. 9:1131.9(C) and thus committed legal error which affected the commission's decision.
Moreover, the decision of the commission was not an abuse of discretion or manifestly erroneous in light of the administrative record. The commission was presented with several opinions concerning the fair market value of the subject property. These figures ranged from $954,000.00 to $3,573,400.00. The fair market value as determined by the commission was within the range presented and supported by the testimony and documentation presented by Mr. LaGraize. Because the decision is adequately supported by the administrative record, the decision cannot be reversed or modified by a reviewing court pursuant to LSA-R.S. 49:964(G)(5) and (6).

CONCLUSION
Based on the above and foregoing, the judgment of the trial court in favor of plaintiff, Hotel de la Monnaie Owners Association, Inc., is hereby reversed and the decision of the Louisiana Tax Commission is reinstated. All costs of this appeal are assessed against plaintiff.
REVERSED.
NOTES
[1] This figure was based upon a valuation of the land at eight hundred thirty-five thousand dollars ($835,000.00) and a valuation of the improvements at two million, seven hundred thirty-eight thousand, four hundred dollars ($2,738,400.00).
[2] The taxpayer maintained that the value of the land was one hundred sixty-eight thousand dollars ($168,000.00) and the value of the improvements was seven hundred eighty-six thousand dollars ($786,000.00).
[3] This figure is based upon the land being valued at one hundred sixty-eight thousand dollars ($168,000.00), and the improvements valued at two million, seven hundred thirty-eight thousand, four hundred dollars ($2,738,400.00).
[4] The correctness of an ad valorem real estate tax assessment made by an assessor is subject to review first by the parish governing authority, then by the tax commission and finally by the courts. LSA-Const. Art. 7, Sec. 18; Westminster Management Corporation v. Louisiana Tax Commission, 593 So.2d 923, 924 (La.App. 4th Cir. 1992).
[5] The parties do not dispute the fact that the Hotel de la Monnaie is a timeshare unit subject to a condominium declaration.
[6] This figure is obtained by adding the value of the land and the value of the improvements ($954,000.00) and dividing by the number of units (53).
[7] At oral argument, the taxpayer asserted that the commission erred in appointing a staff appraiser and accepting the appraiser's figures, contending that the commission had violated its constitutional function of review, rather than assessment, as designated in Article VII, Section XVIII(E) of the Louisiana Constitution. See Williams v. Louisiana Tax Commission, 611 So.2d 724, 726-727 (La.App. 4th Cir.1992). However, there is nothing in the record to show that the taxpayer objected during the hearing before the commission or in the district court to the commission's action in appointing an appraiser to present evidence at the appeal hearing conducted by the tax commission. Instead, the taxpayer's objection was directed to the figures and calculations supplied to the commission by the staff appraiser. While the taxpayer urges us to decide this issue and "give some direction" to the parties, we find that this issue is not properly before us and decline to address it.