684 So.2d 460 (1996)
Earl M. SANDERS, Curator for Douglas Sanders
v.
J. Christopher PILLEY, State of Louisiana, Secretary of the Department of Health and Hospitals.
No. 96 CA 0196.
Court of Appeal of Louisiana, First Circuit.
November 8, 1996.
Rehearing Denied January 7, 1996.
*461 Matt Greenbaum and Gwendolyn M. La Nasa, New Orleans, for Plaintiff-Appellee Earl M. Sanders, Curator for Douglas Sanders.
Mary D. O'Brien, Baton Rouge, for State of Louisiana, Department of Health and Hospitals.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
The res nova issue presented by this appeal is whether the corpus of a trust established with an interdict's own funds and for his benefit can be considered in determining an interdict's eligibility for future Medicaid benefits. The Louisiana Department of Health and Hospitals (hereinafter, the "Department"), determined that the trust qualified as a resource and terminated Medicaid benefits. Upon judicial review of the agency's decision, the district court granted summary judgment in favor of the interdicted beneficiary. The Department now appeals.

FACTS
Earl Sanders (hereinafter, "plaintiff"), is the father and court-appointed curator of Douglas Sanders (hereinafter, "Douglas") on whose behalf this action is brought. Douglas was born blind and mentally retarded on November 13, 1956. Due to his severe disabilities, Douglas has been institutionalized since 1972, and it is expected that he will require such care for the remainder of his life. On the basis of his disabilities and need for institutionalized care, Douglas began receiving Medicaid benefits in 1978.
During the period 1982-1985, Douglas was under the care of the Louise S. Davis Developmental Center. While at this facility, he was allegedly abused sexually on two occasions by another resident at the school. A subsequent police investigation purportedly revealed that the resident in question had assaulted other students, and that the facility's administrator, upon learning of the assaults, failed to notify the parents. As a result of these incidents, plaintiff transferred his son to another institution. Acting in his capacity as Douglas' court-approved curator, plaintiff filed a civil suit against the center and its administration.
Prior to trial, plaintiff, with the concurrence of his son's under-curator, obtained authorization from the court in July of 1991 to compromise Douglas' claim and place Douglas' settlement proceeds in trust for Douglas' benefit. Plaintiff, again with the under-curator's concurrence, further obtained court authority to deposit any and all property owned or subsequently acquired *462 by Douglas under the control of the trust[1]. In August of 1991, plaintiff established the Douglas Sanders Trust and designated himself as trustee. The trust instrument authorizes the trustee to:
pay to or apply for the beneficiary's benefit so much of the accumulate income, principal or both of the trust in such amounts and at such times as the Trustee determines in the Trustee's sole discretion in accordance with the following standards. In making distributions, the Trustee shall first consider all other sources of funds available to the beneficiary, including but not limited to governmental assistance programs such as Medicaid, Medicare and Social Security Disability. Distributions shall not be made or used to provide primary support available to the beneficiary under any governmental assistance program. Instead, such distributions shall be made as a supplement to such primary support in order to provide more sophisticated medical, rehabilitative or educational aid not provided by other sources of assistance so as to improve upon the beneficiary's quality of life and needs under such programs. In no event shall the Trustee make any distributions which jeopardize the beneficiary's eligibility or continued qualification under governmental assistance programs or subject the trust assets to state reimbursement claims.
The Department administers the Louisiana Medicaid Program, a cooperative state-federal program intended to assist the nation's poor, blind, disabled and aged in accessing appropriate medical services. The Department, or its predecessor, Louisiana Department of Health and Human Resources, upon learning of the settlement and the establishment of the trust, terminated Douglas' Medicaid benefits. The stated basis for the Department's discontinuance of benefits was its determination that Douglas' "resources exceed[ed] the $2,000.00 limit for [M]edicaid assistance." An administrative appeal of this determination was filed on Douglas' behalf; however, the hearing officer subsequently upheld the Department's initial decision to terminate Medicaid benefits.
Plaintiff, acting in his capacity as Douglas' curator, filed the present action in the 19th Judicial District seeking judicial review of the administrative hearing officer's decision. The district court later granted a motion for summary judgment filed by plaintiff thereby reversing the determination made by the Department. Following a denial of its subsequent motion for a new trial, the Department now appeals.

ASSIGNMENTS OF ERROR
On appeal, the Department asserts that the district court erred in the following respects:
(1) In failing to adhere to the appropriate standard of review;
(2) In applying the provisions of the Omnibus Budget Reconciliation Act of 1993 to a trust established prior to the enactment date of said legislation; and
(3) In determining that the Douglas Sanders Trust meets the requirements set forth in OBRA '93 for a trust to be excluded from consideration as a resource when determining Medicaid eligibility.

I.
In its first assignment of error, the Department asserts that the district court, in its capacity as a reviewing court, failed to adhere to the applicable standard of review set forth in La. R.S. 49:964. This statute governs judicial review of an agency's final decision or order pursuant to the Administrative Procedure Act, La. R.S. 49:950 et seq. La. R.S. 49:964 F provides that a reviewing court is confined to the record established before the agency (except in cases of alleged irregularity in procedure before the agency). Obafunwa Family v. Appeals Bureau, 93-0820 (La.App. 1st Cir. 4/8/94); 635 So.2d 714, 717. It is elementary that a reviewing court's function is not to weigh de novo the available evidence and to substitute its judgment for that of the agency. Save Ourselves *463 v. Louisiana Environmental Control Commission, 452 So.2d 1152, 1159 (La.1984). Nevertheless, the district court has the authority to reverse or modify the decision of the agency if substantial rights of the party seeking review have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative and substantial evidence in the record. La. R.S. 49:964 G; Obafunwa Family v. Appeals Bureau, at 716.
The question of whether or not the assets comprising the Douglas Sanders Trust can be considered as a resource for determining Douglas' Medicaid eligibility clearly requires an interpretation of statutory law and an application of the law to the facts of this case. Thus, the Department is incorrect in its assertion that its prior resolution of this question constitutes a finding of fact which must be afforded great deference upon review. Appellate review of questions of law is simply review of whether the lower court was legally correct or legally incorrect. Oliver v. Department of Public Safety & Corrections, Office of Alcoholic Beverage Control, 94-1223, p. 3 (La.App. 1st Cir. 6/23/95); 657 So.2d 596, 597. If the district court was correct in its determination that the Department's decision to discontinue Medicaid benefits was contrary to law and public policy, its reversal of the Department's decision would be appropriate.

II.
The second assignment of error raised by the Department is that the district court erred in applying the provisions of the Omnibus Budget Reconciliation Act of 1993 to a trust established prior to the enactment date of that legislation. Specifically, the Department contends that the district court, in ruling from the bench on January 24, 1994, cited statutes enacted pursuant to Omnibus Budget Reconciliation Act of 1993, U.S. PL 103-66, 107 Stat. 312, (hereinafter, "OBRA '93") as its reason for reversing the decision of the administrative hearing officer. The Department asserts that the provisions of OBRA '93[2] do not apply to a trust established prior to that statute's enactment on August 10, 1993[3].
A transcript of the district court's oral reasons for judgment is not contained in the record before us; however, in subsequent written reasons for judgment issued at the request of the Department on September 8, 1994, the district court twice noted that the provisions of OBRA '93 were inapplicable to the previously established Douglas Sanders Trust. The judgment itself, which was signed on April 7, 1995, provides:
For reasons stated in the attached Written Reasons for Judgment:
IT IS ORDERED, ADJUDGED AND DECREED that Defendant's Motion for Summary Judgment is denied. Plaintiff's Motion for Summary Judgment is granted and the administrative law judge's decision is hereby reversed and plaintiff is awarded the Medicaid benefits requested to which he is entitled.
In Marino v. Marino, 576 So.2d 1196 (La. App. 5 Cir.1991), the court held:
When the oral reasons or minute entry conflicts with the written judgment, the latter governs. The trial judge may, within his authority, render judgment which differs substantially from his prior oral statements. Such oral reasoning forms no part of the judgment. It is the formal, signed judgment which governs the controversy. *464 This is the only ruling from which the appeal may be taken.
Marino, at 1198 (citations omitted).
Accordingly, this assignment of error is without merit.

III.
The final issue raised by the Department is that the district court erred in determining that the Douglas Sanders Trust meets the requirements set forth in OBRA '93 for a trust to be excluded from consideration when determining Medicaid eligibility. As we have previously stated, the district court clearly determined that OBRA '93 was not applicable to the present case. Whether 42 U.S.C. § 1396p(d), which was promulgated as part of OBRA '93, would operate to exclude, for purposes of Medicaid eligibility, a subsequently established trust containing similar language is not the issue before us[4]. The determinative issue in the instant case is whether the Douglas Sanders Trust may be considered as an asset or resource in determining Douglas' eligibility to receive Medicaid benefits under the prior law, 42 U.S.C. § 1396a(k)[5].
The Medicaid program was established in 1965 as Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq., to provide medical assistance to persons whose income and resources are insufficient to meet the costs of necessary care and services. Atkins v. Rivera, 477 U.S. 154, 156, 106 S.Ct. 2456, 2458, 91 L.Ed.2d 131 (1986). The federal government shares the costs of Medicaid with states that elect to participate in the program. Id. In return, participating states must develop a plan containing "reasonable standards ... for determining eligibility for and the extent of medical assistance." 42 U.S.C. § 1396a(a)(17). An individual is entitled to Medicaid if he fulfills the criteria established by the state in which he lives. Schweiker v. Gray Panthers, 453 U.S. 34, 36, 101 S.Ct. 2633, 2636, 69 L.Ed.2d 460 (1981). State Medicaid plans must comply with requirements imposed by the Act and by the Secretary of Health and Human Services. Id.
To determine an individual's eligibility for Medicaid, state plans are permitted to take into account only such resources as are actually available to said individual. 42 U.S.C. § 1396a(a)(17)(B); see also, Miller v. Ibarra, 746 F.Supp. 19, 25 (D.Colo.1990).
Under the prior law applicable to this case, 42 U.S.C. § 1396a(k), (now repealed), provided, in pertinent part, that:
(1) In the case of a medicaid qualifying trust, ... the amounts from the trust deemed available to a grantor ... is the maximum amount of payments that may be permitted under the terms of the trust to be distributed to the grantor, assuming the full exercise of discretion by the trustee or trustees for the distribution of the maximum amount to the grantor. For purposes of the previous sentence, the term "grantor" *465 means the individual referred to in paragraph (2).
(2) For purposes of this subsection, a "medicaid qualifying trust" is a trust, or similar legal device, established (other than by will) by an individual (or an individual's spouse) under which the individual may be the beneficiary of all or part of the payments from the trust and the distribution of such payments is determined by one or more trustees who are permitted to exercise any discretion with respect to the distribution to the individual.
On appeal, the Department asserts that plaintiff, in his capacity as Douglas' curator, "stands in the shoes" of his mentally incompetent son, Douglas. The Department has urged, in pleadings filed below, that Douglas, acting through his curator, was the grantor of the Douglas Sanders Trust, which was established for his personal benefit with his own funds. For these reasons, and because the trustee is vested with the sole discretion for distribution of the trust corpus, the Department contends that the Douglas Sanders Trust is a Medicaid qualifying trust which must be counted as a resource in determining Medicaid eligibility.
We cannot agree. As the court noted in Kegel v. State, 113 N.M. 646, 649, 830 P.2d 563, 566 (1992):
the only kind of trust to which Section 1396a(k)(2) expressly extends is one created by the beneficiary or the beneficiary's spouse.... States may not create an exclusion from eligibility for receipt of public assistance benefits unless federal law clearly authorizes it. See, e.g., Philbrook v. Glodgett, 421 U.S. 707, 719, 95 S.Ct. 1893, 1901, 44 L.Ed.2d 525 (1975). In Miller [v. Ibarra, 746 F.Supp. 19 (D.Colo.1990)], Judge Carrigan noted that the guidelines applicable to Medicaid qualifying trusts... "have never been promulgated as regulations even though issued in May 1989." Miller, 746 F.Supp. at 31. Under these circumstances, it is reasonable that a state court should not construe Section 1396a(k)(2) to include trusts other than those to which it expressly or by clear implication extends. See Philbrook, 421 U.S. at 719, 95 S.Ct. at 1901.
In the instant case, the district court noted in its written reasons for judgment, that in Miller v. Ibarra, 746 F.Supp. 19, 34 (D.Colo. 1990), the federal court recognized:
The Congressional purpose for prohibiting Medicaid qualifying trusts is the same as that behind banning transfers without fair consideration. Congress sought to prevent wealthy individuals, otherwise ineligible for Medicaid benefits, from making themselves eligible by creating irrevocable trusts in order to preserve assets for their heirs.
Then, applying the holding in Miller, to the case at bar, the district court, went on to opine that:
Such a goal was clearly not the impetus behind the creation of the Douglas Sanders Trust. As set forth within its terms, the trust was created "as a supplement to such primary support in order to provide more sophisticated medical, rehabilitative or educational aid not provided by other sources of assistance so as to improve upon the beneficiary's quality of life and needs under such programs." Douglas Sanders Trust, paragraph 3.1.
It should further be noted that in Kegel v. State, 113 N.M. 646, 649, 830 P.2d 563, 566 (1992), the court stated that:
As we understand Section 1396a(k)(2), Congress intended to correct a specific abuse. The conference committee report on the provision that became Section 1396a(k)(2) explained that "distributions from grantor trusts, not distributions or principal from non-grantor trusts, such as those established by parents for children" were the problem Congress intended to address. 132 Cong. Rec. H11432 (daily ed. October 17, 1986 (reprint of conference committee report)). In reporting the legislation of which Section 1396a(k)(2) is a part, the House Committee on Energy and Commerce said: "The Committee does not intend that trusts established solely for the benefit of disabled children, from which the grantor or other individual can under the terms of the trust receive no benefit, be treated as Medicaid qualifying trusts."

*466 H.R.Rep. No. 99-265, 99th Cong., 1st Sess., at 72 (1985).
Upon careful examination of the language of 42 U.S.C. § 1396a(k), together with a review of applicable cases from other jurisdictions construing same, we cannot agree with the Department's reasoning that Douglas, acting through his curator, was the grantor of the Douglas Sanders Trust, and that said trust constituted a Medicaid qualifying trust under 42 U.S.C. § 1396a(k). Like the district court, we do not believe that Congress intended through its enactment of 42 U.S.C. § 1396a(k) to force a disabled individual, who has been legally interdicted, to exhaust funds intended to improve his quality of life before seeking Medicaid assistance. If Congress had intended such a result, then, we agree with Judge Carrigan in Miller that "it certainly could have used clearer language to accomplish that goal." Miller v. Ibarra, 746 F.Supp. 19, 33 (D.Colo.1990).
In light of the foregoing, we conclude that under the prior law applicable to this case, 42 U.S.C. § 1396a(k), the Douglas Sanders Trust may not be considered as an asset or resource in determining Douglas' eligibility to receive Medicaid benefits.
Having determined that the district court was correct in its determination that the assets comprising the Douglas Sanders Trust may not be considered as a resource for Medicaid purposes under 42 U.S.C. 1396a(k), we further conclude that the district court did not err in reversing the Department's decision to discontinue Medicaid benefits.

CONCLUSION
For the reasons set forth above, the district court's grant of summary judgment in favor of plaintiff, Earl M. Sanders, as curator for Douglas Sanders, reversing the prior determination of the Louisiana Department of Health and Hospitals denying Medicaid benefits to Douglas Sanders, is hereby affirmed. Costs of this appeal are assessed against the State of Louisiana in the amount of $647.69.
AFFIRMED.
NOTES
[1] Based upon the record before us, there is no evidence to indicate that the trust in question is comprised of any assets other than the proceeds from the aforementioned settlement.
[2] The Omnibus Budget Reconciliation Act of 1993, or OBRA '93 contained revisions to the Medicaid trust guidelines, and more specifically, clarified the circumstances under which trust assets would be viewed as resources in determining a beneficiary's eligibility for Medicaid.
[3] The Douglas Sanders Trust was established two years earlier in August of 1991.
[4] It should be noted that the district court, in its written reasons for judgment, stated that "[a]lthough not applicable in the present case, 42 U.S.C. § 1396p(d), ... specifically precludes the consideration of trusts similar to that at present in determining Medicaid eligibility." While we agree that 42 U.S.C. § 1396p(d) is inapplicable to the present trust established prior to its enactment, we do not believe this statute would exclude from consideration assets contained in subsequently established, similarly worded trusts in determining a beneficiary's eligibility for Medicaid.

42 U.S.C. § 1396p(d) provides that subject to the exceptions found in paragraph (4), the corpus of a trust shall be considered a resource available to an individual; however, 42 U.S.C. § 1396p(d)(4)(A) states that said subsection shall not apply to "[a] trust containing the assets of an individual under age 65 who is disabled (as defined in section 1382c(a)(3) of this title) and which is established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter." (Emphasis supplied).
The trust at issue in the present case contains no such repayment provision. For further discussion of qualifying trusts created with assets belonging to disabled individuals, see Mendler, Using TRUSTS for Disabled Clients: Preserving Governmental Benefits, 44 La. Bar J. 26 (1996).
[5] Pursuant to the enactment of OBRA '93, former section 42 U.S.C. § 1396a(k) was repealed and replaced with a new provision, 42 U.S.C. § 1396p(d).