JaLOTTINGER, Chief Judge.
In this action, plaintiff sought judicial review of an administrative agency decision which denied her claim for benefits resulting from medical treatment rendered to her minor son. From a judgment of the district court reversing the agency’s denial of benefits, the agency now appeals.
FACTS
The facts of this matter are not in dispute. Plaintiff-appellee, Jane T. Jones (hereinafter, “Mrs. Jones”), is a state employee insured under a group health and accident insurance policy issued to her by defendant-appellant, Louisiana State Employees Group Benefits Program (hereinafter, “State Group Benefits”).[1] Mrs. Jones’ minor son, Judson Jones (hereinafter, “Judson”), has been afflicted since his birth in 1979, with a cavernous hemangioma or lesion which involves a large area of his face, gums and tongue. This condition has caused one side of Judson’s face to develop more rapidly than the other, and in the intervening years, has forced his lower jaw out of line, resulting in an abnormal bite.
Judson’s primary physician, Dr. Helmuth Goepfert, a head and neck surgeon with M.D. Anderson Cancer Center in Houston, Texas, after consultation with Judson’s local physicians, has endorsed a course of treatment which necessitates orthodontic treatment for the alignment of Judson’s teeth in preparation for surgery to realign his jaw. Braces would also be required to stabilize Judson’s teeth both during surgery and post-opera-tively. Thereafter, Judson will undergo further surgery for treatment of the hemangio-ma.
Pursuant to this treatment plan, Dr. Stephen Sherman, Judson’s orthodontist, applied braces to Judson’s teeth in preparation for the surgery to realign his jaw. The cost of this treatment totaled $3,930.00. Mrs. Jones submitted a claim for this amount to State Group Benefits. In a notice dated July 15, 1993, Mrs. Jones was advised that, “[t]he dental services rendered are not among the limited dental procedures covered by this plan and therefore, no benefits are payable.”
lain accordance with administrative procedure, Mrs. Jones appealed the denial of her claim to the agency’s Claims Review Committee. Following a hearing held on April 13, 1994, the committee voted unanimously to affirm the agency’s denial. The committee cited the exclusion contained in Article 3, Section VIII, Item K of the January 1, 1988 Plan Document as amended in the Louisiana Register, Vol. 18, No. 6 on June 20, 1992. The exclusion in question states that no benefits will be provided by State Group Benefits for:
*1176 K. dental braces and orthodontic appliances for whatever reason prescribed or utilized; treatment of periodontal disease; dentures, dental implants and any surgery for the use thereof; except as indicated in Article 3, Section G(15);[2]
The committee further relied on the opinion of Dr. Roy Clay, Medical Director for the State Employees Group Benefits Program, who, upon review of the x-rays and proposed treatment for Judson, stated, “there is no doubt that the procedures proposed would be beneficial to the patient. However, the procedures are orthodontic in nature and as such are not covered under the terms of the contract.”
Following the denial of her subsequent request for a rehearing, Mrs. Jones sought judicial review of the decision of the Claims Review Committee in the Nineteenth Judicial District Court. The district court found, without further explanation, that the apparatus fitted by Dr. Sherman was “something other than an orthodontic device and the treatment is not orthodontic treatment. Therefore, it is covered by the plan.”
State Group Benefits now appeals the district court’s judgment reversing the decision of the Claims Review Committee.
ASSIGNMENT OF ERROR
On appeal, State Group Benefits asserts that the trial court erred in reversing the decision of its Claims Review Committee.
1 ¿ARGUMENT AND LAW
In reviewing an agency’s final decision or order pursuant to the Administrative Proee-dure Act, La. R.S. 49:950 et seq., the district court is governed by La. R.S. 49:964. La. R.S. 49:964 F provides that except in cases of alleged irregularity, a reviewing court is confined to the record established before the agency.[3] La. R.S. 49:964 F; Obafunwa Family v. Appeals Bureau, 93-0820 (La.App. 1 Cir; 4/8/94); 635 So.2d 714, 717. Under the provisions of La. R.S. 49: 964 G, the district court has the authority to reverse or modify the agency’s decision if substantial rights of the party seeking review have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency’s statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or (6) manifestly erroneous in view of the reliable, probative and substantial evidence in the record. La. R.S. 49:964 G; Obafunwa, 635 So.2d at 716.
A review of the record in this matter reveals that the medical reports submitted by Judson’s treating physicians, including his orthodontist, Dr. Stephen Sherman, all make reference to his need for pre-surgical “orthodontic treatment”.[4] Dr. Roy Clay, Medical Director for the State Employees Group Benefits Program, concurred and stated that while the proposed procedures would be beneficial to Judson, said procedures were nevertheless, “orthodontic in nature.” Accordingly, the Claims Review Committee denied benefits based upon the exclusion within its policy which denies coverage for orthodontic *1177 appliances regardless of the reason for their application. For whatever reasons, the policy clearly and expressly excludes coverage for l5“dental braces and orthodontic appliances,” including treatment for other than cosmetic corrections.
It is well settled that “[a]n insurance contract is the law between the parties, and every provision therein must be construed as written. Insurers may limit their liability, so long as the limitations are not in conflict with statutory provisions or public policy and so long as the limitations are unambiguous and easily understandable.” Perault v. Time Insurance Company, 633 So.2d 263, 266 (La.App. 1st Cir.1993), writs denied, 93-3133, 93-3156 (La.2/11/94); 634 So.2d 833, 834 (citations omitted). Additionally, a clear and unambiguous provision in an insurance contract which limits liability must be given effect. Foret v. Louisiana Farm Bureau Casualty Insurance Company, 582 So.2d 989, 991 (La.App. 1st Cir.1991).
CONCLUSION
Considering the foregoing, we find that there existed a reasonable factual basis in the record to support the Claims Review Committee’s determination that the appliances applied to Judson’s teeth by his orthodontist, Dr. Stephen Sherman, were orthodontic in nature, and therefore excluded from coverage under the State Group Benefits policy. The district court erred in substituting its judgment for that of the Claims Review Committee. Accordingly, the judgment of the district court is reversed, and the judgment of the Claims Review Committee denying benefits for orthodontic services rendered to Judson is hereby reinstated. Costs associated with this appeal are assessed against Mrs. Jones.
REVERSED AND RENDERED.

. The record reflects that Mrs. Jones initially enrolled in State Group Benefits on September 1, 1992, seeking coverage for herself and one dependent, her minor son, Judson Jones. In early 1993, Mrs. Jones’ husband and minor daughter were added as additional dependents.

. It appears from the record that Article 3, Section [I, Item] G(15) of the January 1, 1988 Plan Document relating to "Eligible Expenses” was re-designated Article 3, Section I, Item F(15) in the Louisiana Register, Vol. 18, No. 6 on June 20, 1992. The language of that provision however remains unchanged, and provides coverage for "the treatment of accidental injuries to a covered person's sound natural teeth” subject to certain enumerated conditions.

. In the instant case, it appears that the district court may have overstepped its authority when it, by its own admission, requested additional evidence which was not evaluated by the Claims Review Committee. See, La. R.S. 49:964 E; West v. Louisiana Department of Public Safety, 432 So.2d 273, 278 (La.App. 1st Cir.1982)(on rehearing); Force and Griffith, The Louisiana Administrative Procedure Act, 42 La. L.Rev. 1227, 1279-1282 (1982). Inasmuch as this issue has not been assigned as error by either party, we decline to address the propriety of the district court’s action on appeal.

.It should be noted that the "additional evidence" upon which the district court based its decision consisted of a subsequent affidavit obtained from Dr. Stephen L. Sherman. In his affidavit, Dr. Sherman describes the appliances applied to Judson's teeth, but omits all references to orthodontics.